UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
GREGORY FUNDING,                                      :
                                                     :
                    Appellant,                       :
                                                     :
        v.                                           :        **DECISION & ORDER**
                                                     :        20-CV-1949 (WFK)
DEIRDRE VENTURA,                                     :
                                                     :
                    Appellee.                        :
---------------------------------------------------------------X
**WILLIAM F. KUNTZ, II, United States District Judge**:  Appellant Gregory Funding
("Gregory") appeals the April 10, 2020 Memorandum Decision and Order ("Decision") of the
United States Bankruptcy Court for the Eastern District of New York (Grossman, J.) permitting
Appellee Dierdre Ventura's ("Debtor") to amend her petition for reorganization, designate
herself as a Subchapter V debtor under the Small Business Reorganization Act ("SBRA"), and
modify her mortgage.  For the reasons set forth below, the Decision is REVERSED and this
appeal is DISMISSED.

## BACKGROUND

The facts below are drawn from the Bankruptcy Court's Decision and from the parties'

briefing on the instant appeal.  On December 14, 2007, the Debtor purchased the Harbor Rose, a

historic property located in Cold Springs Harbor, New York, to create a bed and breakfast.

Decision at 3, ECF No. 1-3, Ex. A.  To finance the transaction, the Debtor took out a

$1,000,000.00 loan, secured by a mortgage on the Harbor Rose, and used the proceeds to

purchase the property.  *See id.*; Appellant's Br. at 7, ECF No. 5; Appellee's Br. at 5, ECF No. 6.

The loan and mortgage were assigned to Gregory in 2015.  Decision at 3.

Not long after the purchase, the Debtor began renting out rooms in the Harbor Rose.  *Id.*

at 4.  She also lived in the property.  *Id.* at 6, 8; Appellee's Br. at 6.  On January 18, 2013, the

Debtor defaulted on her mortgage, and she filed a voluntary petition for Chapter 7 bankruptcy.

Decision at 4; Appellee's Br. at 7.  On May 1, 2013, she received a discharge, and her case

closed shortly thereafter.  Decision at 4; Appellee's Br. at 7.  On February 6, 2014, the Debtor

voluntary petition for relief under Chapter 13.  Decision at 4.  This petition was eventually dismissed on August 6, 2014, because the Debtor failed to file the proper documents.  *Id.*

On February 18, 2015, the Debtor executed a loan modification, which granted her more favorable loan and mortgage terms.  *Id.* at 5; Appellee's Br. at 9.  On May 1, 2015, the Debtor nonetheless defaulted on her obligations under the loan, and on February 11, 2016, Gregory commenced a foreclosure action against the Debtor in the Supreme Court of the State of New York in Suffolk County.  Decision at 5.  On August 8, 2018, Gregory obtained a judgment of foreclosure and sale of the Harbor Rose.  *Id.* at 6.

## PROCEDURAL HISTORY

On October 24, 2018, the Debtor filed a voluntary petition for Chapter 11 bankruptcy in the United States Bankruptcy Court for the Eastern District of New York.  *Id.*  At the time, the Harbor Rose was valued at $1,200,000.00, and the Debtor owed Gregory a total of $1,687,664.80.  *Id.*

The Debtor's exclusive period in which to file a Chapter 11 plan lapsed on February 21, 2019.  *Id.* at 8; Appellant's Br. at 8.  On June 11, 2019, the parties agreed to extend this deadline to September 30, 2019.  Decision at 7-8.  Under the terms of this agreement, if Gregory rejected the Debtor's proposed disclosure statement and plan, Gregory could then file a competing plan which would provide for the sale of the Harbor Rose.  *Id.* at 8.

The Debtor failed to file a proposed disclosure statement and plan by the September 30, 2019 deadline.  *Id.*  At a status conference on November 19, 2019, the Bankruptcy Court ordered the parties to each file a proposed plan of reorganization by December 13, 2019.  *Id.*  That day, Gregory filed its plan, which called for the sale of the Harbor Rose to satisfy the Debtor's outstanding obligations.  *Id.*; Appellee's Br. at 10-11.  The Debtor's proposed plan, on the other

2

hand, sought to modify the mortgage by reducing the secured portion of Gregory's claim to $1,050,000.00, which the Debtor would repay over 30 years at a rate of 4.25% interest per annum.  *Id.*  However, Gregory would receive no payment on the unsecured portion of its claim because the Debtor had previously received a discharge in her 2013 bankruptcy.  *Id.*

On January 13, 2020, the Bankruptcy Court determined the relief sought by the Debtor— modification of her mortgage—was precluded by 11 U.S.C. § 1123(b)(5) because the Debtor lived in the Harbor Rose.  *Id.* at 9; Appellant's Br. at 8; Appellee's Br. at 10.  The Bankruptcy Court thus held the Debtor's plan was unconfirmable on its face, approved Gregory's disclosure statement, and set a hearing for February 26, 2020 to confirm Gregory's plan of reorganization. Decision at 9; Appellant's Br. at 8.  In advance of the confirmation hearing, Gregory solicited the necessary votes and filed a certification of ballots on February 20, 2020.  Decision at 9; Appellant's Br. at 8.

On February 19, 2020, the SBRA came into effect.  Decision at 9.  Designed to provide a more cost-effective and streamlined option for small businesses to reorganize, the SBRA created a new Subchapter V within Chapter 11 of the Bankruptcy Code.  *See* Small Business Reorganization Act of 2019, Pub. L. No. 116-54 § 5, 133 Stat. 1079, 1087.  Subchapter V offers several powerful tools to qualifying small business owners.  It also created an exception to § 1123(b)(5) that allows for small business debtors to modify claims secured by liens on their principal place of residence if certain requirements are met.  *See* 11 U.S.C. § 1190(3). Subchapter V also provides debtors with the sole right to confirm a plan of reorganization.  *See* 11 U.S.C. § 1189(a) ("Only the debtor may file a plan under this subchapter.").

To elect for Subchapter V relief, Chapter 11 debtors must "state in the petition whether the debtor is a small business debtor and, if so, whether the debtor elects to have subchapter V of

chapter 11 apply."  Interim Fed. R. Bankr. P. 1020(a);[1] *see* Interim Fed. R. Bankr. P. 1020 committee's note ("The title and subdivision (a) of the rule are amended to . . . require a small business debtor to state in its voluntary petition . . . whether it elects to proceed under subchapter V.").

Because the SBRA was not in effect at the time she filed her petition for reorganization, the Debtor did not make this designation.  *See* Decision at 10, 15.  Thus, to proceed under Subchapter V, she needed to amend her petition to proceed as a small business debtor.  Although neither the Bankruptcy Code nor the Bankruptcy Rules discuss making a small business designation after a petition has been filed, there is a general right to amend a voluntary petition under Bankruptcy Rule 1009.  *See* Fed. R. Bankr. P. 1009(a) (providing that a debtor may amend a voluntary petition "as a matter of course at any time before the case is closed").

At the February 26, 2020 confirmation hearing, the Bankruptcy Court informed the Debtor of the SBRA and adjourned the hearing without confirming Gregory's plan to give the Debtor time to decide whether to proceed under the SBRA.  Decision at 9-10.  On March 6, 2020, the Debtor sought to amend her petition to designate herself as a Subchapter V debtor.  *Id.* at 10.

On March 9, 2020, Gregory filed an objection to the Debtor's designation.  *Id.*  Gregory argued the Debtor's amendment prejudiced Gregory's rights, including its "vested right" to file and pursue its plan of reorganization.  *Id.*  Gregory also averred the Debtor was not eligible for Subchapter V relief because she failed to meet the definition of a "small business debtor" under

---

[1] Interim Rule 1020 was adopted by Bankruptcy Courts in the Eastern District of New York by Administrative Order No. 686, effective February 19, 2020.  After enactment of the CARES Act, which necessitated amendments to Interim Rule 1020, Bankruptcy Courts in the Eastern District adopted the current amended version of Interim Rule 1020 by Administrative Order No. 692, effective April 22, 2022, to apply in all cases and proceedings governed by the SBRA.

4

11 U.S.C. § 101(51D)(A) and, even if she did meet the definition, she nonetheless could not modify the terms of her mortgage under 11 U.S.C. § 1190(3) because she used the mortgage to purchase the Harbor Rose.  *Id.* at 10-11.

The United States Trustee ("Trustee") also objected to the Debtor's proposed amendment.  *Id.* at 11.  The Trustee raised several procedural and timing issues with the Debtor's amendment—namely that the Trustee could no longer perform its duty to facilitate a consensual plan of reorganization because the Debtor's petition had been pending for nearly sixteen (16) months, and the SBRA's statutory deadlines had passed.  *Id.* at 16.

In a memorandum decision dated April 10, 2020, the Bankruptcy Court overruled both objections, thus allowing the Debtor to amend her petition and proceed as a Subchapter V debtor and modify her mortgage.  *See* Decision.  On April 24, 2020, Gregory filed a notice of appeal of the Decision, raising the same arguments it raised in its original objection to the Debtor's March 6, 2020 election.[2]  Notice of Appeal, ECF No. 1-1, Ex. A.  On May 6, 2020, Gregory filed its Statement of Issues on Appeal and Designation of Record.  Appellant's Br. at 6.  The Debtor filed her Designation of Additional Items on Appeal on May 27, 2020.  *Id.*

## JURISDICTION AND STANDARD OF REVIEW

"District Courts have appellate jurisdiction over 'final judgments, orders, and decrees' entered in bankruptcy court."  *Satti v. Nechadim Corp.*, No. 17-CV-683, 2018 U.S. Dist. LEXIS 26799, at *6 (E.D.N.Y. Feb. 16, 2018) (Brodie, J.) (quoting 28 U.S.C. § 158(a)).  "A district court sitting in a bankruptcy appeal has the power to consider any issue presented by the record on appeal."  *In re Hilsen*, 119 B.R. 435, 439 (S.D.N.Y. 1990) (Patterson, J.); *see In re Lyondell*

---

[2] Gregory also appealed the Decision directly to the United States Court of Appeals for the Second Circuit.  *See* Mot. for Cert. of Direct Appeal, ECF No. 1-1.  On September 17, 2020, the Second Circuit denied Gregory's direct appeal.  *See* Mandate, ECF No. 2.

*Chem. Co.*, 585 B.R. 41, 57 n.5 (S.D.N.Y. 2018) (Cote, J.).  "Findings of fact are reviewed for clear error, whereas findings that involve questions of law, or mixed questions of fact and law, are reviewed de novo."  *In re Genco Shipping & Trading Ltd.*, 550 B.R. 676, 679 (S.D.N.Y. 2015) (Scheindlin, J.) (citation omitted).  "A bankruptcy court's equitable discretion . . . is reviewed for abuse of discretion."  *In re A&P*, 467 B.R. 44, 50 (S.D.N.Y. 2012) (Seibel, J.) (citing *In re Dairy Mart Convenience Stores, Inc.*, 351 F.3d 86, 91 (2d Cir. 2003)).  "An abuse of discretion may consist of an error of law or a clearly erroneous finding of fact, or a decision that, though not necessarily the product of a legal error or a clearly erroneous factual finding, cannot be located within the range of permissible decisions."  *In re Dana Corp.*, 574 F.3d 129, 145 (2d Cir. 2009) (citations and internal quotation marks omitted).

## DISCUSSION

Because the Debtor initially filed a petition for reorganization under Chapter 11 of the Bankruptcy Code, her eligibility for SBRA relief turns on whether she may amend her original petition to designate herself as a Subchapter V debtor under Rule 1009(a) of the Federal Rules of Bankruptcy Procedure.  The Bankruptcy Court overruled Gregory's objections to the Debtor's request to amend her petition, finding it was "within the [Bankruptcy] Court's discretion" to allow the Debtor to "avail herself of" the SBRA, which was "not at her disposal when she filed" the instant case.  Decision at 16.

Under Rule 1009(a), a "voluntary petition, list, schedule, or statement may be amended by the debtor as a matter of course at any time before the case is closed."  Fed. R. Bankr. P. 1009(a).  While the language of Rule 1009(a) is permissive, "a debtor's opportunity to amend cannot be exercised in all circumstances without regard to prejudicial reliance."  *Cash v. Thaler*, 319 Fed. App'x 4, 5 (2d Cir. 2009) (summary order) (citation omitted); *see In re Raggie*, 389

6

B.R. 309, 313 (Bankr. E.D.N.Y. 2008) (bankruptcy courts have the "discretion to reject a debtor's amendment when 'the facts and circumstances presented indicate that the amendment was filed in bad faith, [or was] fraudulent or prejudicial'" to creditors) (citing cases); *see also In re Momentum Mfg. Corp.*, 25 F.3d 1132, 1137 (2d Cir. 1994) (affirming a bankruptcy court's decision emphasizing that Rule 1009(a) right to amend can only be exercised when there is no issue of bad faith or prejudicial reliance).  Courts have applied this standard when a pre-SBRA debtor seeks to amend its petition to proceed under Subchapter V.  *See, e.g.*, *In re Body Transit, Inc.*, 613 B.R. 400, 408 (Bankr. E.D. Pa. 2020) ("[C]ourts have held that the ability to amend provided by Rule 1009 is subject to a party in interest's right to object if the amendment is made in bad faith or would unduly prejudice the party.") (citing cases); *see also In re Peak Serum, Inc.*, 623 B.R. 609, 616 (Bankr. D. Colo. 2020) ("[A]n eligible pre-SBRA debtor may generally amend its petition to elect to proceed under Subchapter V, subject to . . . a finding that the level of prejudice to the objecting party does not override the debtor's right to amend its petition under Rule 1009(a).") (citation omitted).

"In determining whether the amendment would prejudice creditors, the appropriate inquiry is not whether a creditor will recover less or be adversely affected by the amendment; instead, a court must determine whether the creditor would be adversely affected by having detrimentally relied on the debtor's initial position."  *In re Newton*, BAP No. MW 01-031, 2002 Bankr. LEXIS 2089, at *6 (B.A.P. 1st Cir. Jan. 10, 2002) (citations omitted).  This is because "[t]he right to amend . . . does not mean that the debtor has an unfettered right to alter previously-settled rights of affected entities."  *Id.* at *7 (citation omitted).

Applying this framework, courts have found that creditors are prejudiced when they suffer "actual economic loss due to the delay in filing the amendment" or when the parties

"would have taken different actions, or asserted other positions, if the exemptions had been claim[ed] earlier." *In re Walck*, 459 B.R. 208, 212 (Bankr. M.D. Pa. 2011) (citing cases); *see In re Talmo*, 185 B.R. 637, 645 (Bankr. S.D. Fla. 1995) ("If the parties would have taken different actions or asserted different positions . . . and the interest of those parties are detrimentally affected by the timing of the amendment, then the prejudice is sufficient to deny amendment."); *see also In re Green*, 268 B.R. 628, 656 (Bankr. M.D. Fla. 2001) (denying amendment where the debtors waited eighteen months to amend, and the parties expended "extraordinary legal fees and investigative costs" in reliance of the debtor's earlier representations); *In re Jelinek*, 97 B.R. 429, 433 (Bankr. N.D. Ill. 1989) (prohibiting a debtor from amending under Rule 1009(a) where the debtor "waited over two years to propose" an amendment, which caused an unacceptable "degree of creditor prejudice.").

Here, the Bankruptcy Court failed to consider properly the substantial prejudice Gregory faces due to the Debtor's belated amendment. Nearly sixteen months passed before the Debtor moved to amend her petition to designate herself as a Subchapter V debtor. By then, both the parties and the Bankruptcy Court spent considerable time and resources to get to a point in which Gregory was posed to confirm its plan. The Bankruptcy Court held numerous hearings and the parties, after significant negotiations, agreed Gregory could pursue its unopposed plan of reorganization if the Debtor failed to submit a plan by September 30, 2019. In reliance on this agreement and on the Debtor's representation that her petition would proceed under Chapter 11, Gregory filed its plan of reorganization, solicited the necessary votes, and was on the cusp of confirming it when the Debtor sought to amend her petition. Moreover, because the SBRA grants the Debtor the sole right to confirm a plan of reorganization, the Debtor's amendment had the further prejudicial effect of terminating Gregory's right to pass *any* plan, thereby "completely

8

chang[ing] the rights of [Gregory] as a creditor" and resetting the "litigation posture" of the proceedings.  *In re Zwirn*, No. 04-40306-BKC-AJC, 2007 Bankr. LEXIS 1293, at *12 (Bankr. S.D. Fla. Mar. 9, 2007).  The Debtor's amendment cannot be allowed to cause such prejudice.

In addition, the prejudice to the Debtor does not outweigh the prejudice to Gregory.  If the Debtor is prevented from modifying her petition, she remains in the Chapter 11 process. While this may prevent her from accessing some of the tools afforded by Subchapter V, the Debtor's interests are still protected by Chapter 11, which requires Gregory's plan to be "fair and equitable," 11 U.S.C. § 1191(c), proposed in good faith, deemed to be "reasonable," and in comportment with existing law.  *Id.* § 1129(a).  On this record, the Bankruptcy Court abused its discretion by overruling Gregory's objection to the Debtor's request to amend her petition.

## CONCLUSION

For the foregoing reasons, the Court REVERSES the Decision of the Bankruptcy Court. The Clerk of Court is respectfully directed to enter judgment and close this case.

**SO ORDERED.**

s/ **WFK**
_____
HON. WILLIAM F. KUNTZ, II
UNITED STATES DISTRICT JUDGE

Dated: April 21, 2022
   Brooklyn, New York

9